UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Andrew Hay, | |
|                  Plaintiff, | Civil Action No.: _____ |
| v. | |
| CBE Group, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
|                  Defendants. | |

For this Complaint, the Plaintiff, Andrew Hay, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Andrew Hay ("Plaintiff"), is an adult individual residing in San Bernardino, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. Defendant CBE Group, Inc. ("CBE"), is a Massachusetts business entity with an address of 84 State Street, Boston, Massachusetts 02109, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 47 U.S.C.A. § 153(39).

6. Does 1-10 (the "Collectors") are individual collectors employed by CBE and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CBE at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CBE for collection, or CBE was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CBE Engages in Harassment and Abusive Tactics

12. Within the last year, CBE called Plaintiff's cellular telephone, number 951-XXX-5677, in an attempt to collect the Debt.

2

13. At all times mentioned herein, CBE placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

14. When Plaintiff answered calls from CBE, he experienced a brief period of silence before being connected to a live representative.

15. If at one time CBE had express consent to call Plaintiff's cellular telephone, it no longer had consent to do so after Plaintiff informed it that the Debt had been paid and after repeatedly instructing it to stop calling.

16. Nonetheless, CBE continued to calls Plaintiff's cellular telephone at an annoying and harassing rate, placing up to three calls daily.

17. CBE also called Plaintiff's fiancé, Samantha, on numerous occasions in an attempt to reach Plaintiff.

### C. Plaintiff Suffered Actual Damages

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

23. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

24. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

26. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

31. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

**COUNT III**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, et seq.**

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

34. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

5

35. Defendant's telephone systems have some earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, he was met with a period of silence before Defendant's telephone system would connect her to the next available representative.

36. Upon information and belief, Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

37. Despite Plaintiff directing Defendant to cease all calls to his cellular telephone, Defendant continued to place automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

38. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

39. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

40. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

41. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

44. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

45. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff in the above mentioned facts.

46. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

47. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

48. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

49. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

51. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

52. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Massachusetts.

53. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## COUNT VI
## COMMON LAW FRAUD

54. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Massachusetts.

56. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 7, 2014

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff